UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Rosendo Enriquez, | Case No. 24-cv-344 (JMB/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jared Rarden, Warden, Rochester FMC, | |
| Respondent. | |

In a letter dated February 6, 2024, the Clerk of Court warned petitioner Rosendo Enriquez that he would be required to pay the filing fee for this habeas corpus matter or apply for *in forma pauperis* ("IFP") status within 15 days, failing which it would be recommended that this action be dismissed without prejudice for failure to prosecute. *See* Doc. No. 2. That deadline has now passed, and Enriquez has not paid the filing fee for applied for IFP status. In fact, Enriquez has not communicated with the Court about this case at all since commencing this action. Accordingly, this Court now recommends, consistent with the warning previously given to Enriquez, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

That said, had Enriquez paid the filing fee or applied for IFP status and elected to proceed with this litigation, his habeas petition would have been subject to review

1

pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] A preliminary review of Enriquez's habeas petition reveals that he is not entitled to habeas corpus relief. Enriquez, like many federal prisoners, alleges that the Federal Bureau of Prisons ("BOP") has miscalculated the amount of time credits that he has earned under the First Step Act ("FSA") for having participated in "evidence-based recidivism reduction programs," 18 U.S.C. § 3632(d). Time credits earned under the FSA may be applied by the BOP to a prisoner's sentence in one of two ways: either by shortening the amount of time that the prisoner spends in custody *at all*, or by shortening the amount of time that the prisoner spends in *prison*. *See* 18 U.S.C. § 3632(d)(4)(C). But only 365 days of time credits may be applied to the shortening of the period of custody. *See* 18 U.S.C. § 3624(g)(3). The remaining credits may be applied only to the period that the prisoner may spend in prerelease custody (for example, at a residential reentry center or on home confinement).

"When a prisoner is not challenging either the fact or the duration of his confinement, habeas is not the proper remedy, and the court lacks jurisdiction over his claims." *Johnson v. Birkholz*, No. 21-CV-2017 (PJS/LIB), 2022 WL 3135304, at *1 (D. Minn. Aug. 5, 2022) (citing *Spencer v. Haynes*, 774 F.3d 467, 469-71 (8th Cir. 2014) and *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam)). It is well established that a claim that a federal prisoner should sooner be transferred to prerelease

---

[1] Enriquez's habeas petition is not brought under 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to his petition. *See* Rule 1(b).

2

custody or home confinement amounts only to an attack on the conditions of the prisoner's confinement and therefore is not cognizable on habeas review. *See id.* Enriquez could sustain a habeas claim related to FSA time credits only to the extent that he could argue that the BOP's miscalculation of time credits is resulting in a lengthening of his custodial term. But the exhibits attached to Enriquez's habeas petition make clear that he has already been awarded 365 days of credit towards his release—the maximum permitted under the FSA. *See* Pet. Ex. at 17 [ECF No. 1-1]. In other words, even if Enriquez is correct that the BOP has miscalculated the time credits that he has earned under the FSA, that miscalculation will not affect the duration of his confinement, and Enriquez lacks a cognizable claim for habeas relief. And "[w]hen a prisoner is not challenging either the fact or the duration of his confinement, habeas is not the proper remedy, and the court lacks jurisdiction over his claims." *Johnson*, 2022 WL 3135304, at *1. Thus, even if Enriquez had prosecuted this matter, the Court would have recommended that the petition be dismissed without prejudice.

[Continued on next page.]

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**.

Dated: March__7__, 2024               _____*s/ Tony N. Leung*_____
                                      Tony N. Leung
                                      United States Magistrate Judge
                                      District of Minnesota

                                      *Enriquez v. Rarden*
                                      Case No. 24-cv-344 (JMB/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).