UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Rosendo Enriquez,

        Petitioner,

v.

Jared Rarden,
Warden, Rochester FMC,

        Respondent.

Case No. 24-CV-344 (JMB/TNL)

**ORDER ON REPORT AND RECOMMENDATION**

---

This matter is before the Court on the Report and Recommendation (R&R) of United States Magistrate Judge Tony N. Leung, dated March 7, 2024. (Doc. No. 4.) The R&R recommends that Petitioner Rosendo Enriquez's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1) be dismissed without prejudice. (*See* Doc. No. 4.)[1] For the following reasons, the Court adopts the R&R.

The Court reviews the challenged portions of an R&R under a de novo standard of review. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. L.R. 72.2(b)(3). However, the Court need only review for clear error any aspect of an R&R to which no

---

[1] The R&R recommended that Enriquez's Petition be dismissed under Rule 41(b) for Enriquez's failure to pay the filing fee. (Doc. No. 6.) In the alternative, the R&R recommends Enriquez's Petition be dismissed without prejudice because the relief Enriquez seeks is not cognizable on habeas review. (*Id.*) The Docket indicates that Enriquez paid the filing fee five days after the R&R was filed. (Doc. No. 5.) The Court's review of the R&R leaves no indication that dismissal without prejudice is not proper on the alternative grounds outlined in the R&R and, therefore, the R&R's dismissal recommendation is not moot.

specific objection is made. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Because Enriquez is self-represented, his objection is entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Enriquez filed a letter in response to the R&R. (Doc. No. 6.) The Court closely reviewed the documents to determine whether it could discern any objections to the R&R, but the Court found none. Rather, Enriquez's letter requests that this Court order the BOP to "issue [Enriquez] a new calculation sheet showing the correct number of earned time credits" and "issue a directive to the BOP ordering them to follow policy and stop trying to dictate it." (Doc. No. 6.) Enriquez's letter indicates that he does not have any objections to the R&R's determination—that he has already been awarded 365 days of credit towards his release his release, the maximum permitted under the First Step Act, 18 U.S.C. § 3624(g)(3), and that therefore, his challenge relates neither to the fact nor the duration of his confinement. (Doc. Nos. 4, 6.)

As stated in the R&R, habeas relief is not the proper remedy for the relief Enriquez currently seeks. *Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014) (admonishing that actions for writ of habeas corpus are not proper remedy where prisoner does not challenge validity of conviction or length of detention). The Court has reviewed the R&R and discerns no error, clear or otherwise, in the Magistrate Judge's reasoning.

Accordingly, IT IS HEREBY ORDERED that:

1. The R&R (Doc. No. 4) is ADOPTED;

2. Petitioner Rosendo Enriquez's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. No. 1) is DENIED;

2

3. This action is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 25, 2024

/s/ Jeffrey M. Bryan
Judge Jeffrey M. Bryan
United States District Court